IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KYEEM KING,

   Petitioner,

   v.

STATE OF MARYLAND,
PRINCE GEORGES COUNTY,

   Respondents.

Civil Action No.: JRR-24-3323

**MEMORANDUM OPINION**

On December 2, 2024, this Court issued an Order which required Petitioner Kyeem King to file an amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because the petition he filed contained no information regarding his efforts to obtain relief from the State courts and the results of those efforts. ECF No. 5. In response to the Order King filed another petition with an incorporated motion to proceed in forma pauperis. ECF No. 6. King's motion shall be granted.[1]

The amended petition does not address the matters King was directed to address. King presents his argument regarding procedural default and alleges that he will suffer prejudice and a miscarriage of justice if this court does not consider his claim. *Id*. It cannot be discerned from the pleadings filed what claim King maintains has been procedurally defaulted. King's original petition raised one claim: that the indictment was defective because it did not give him adequate notice of all the crimes with which he was charged. ECF No. 1. The amended petition, which contains no claims regarding his convictions, is nonsensical and is not responsive to this Court's

---

[1] King also filed a Motion for Extension of Time which does not specify what he needs more time to do. ECF No. 7. This motion will be denied as moot.

Order. For the reasons that follow, the petition must be dismissed without prejudice as unexhausted.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973), *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) ("the exhaustion requirement demands that the . . . ground relied upon must be presented face-up and squarely; the federal question must be plainly defined."). A federal habeas petitioner "cannot simply apprise the state court of the facts underlying a claimed constitutional violation." *Id*. at 994. Rather, the "petitioner must also explain how those alleged events establish a violation of his constitutional rights." *Id*., *see also Tate v. True*, 2008 WL 410285, *5, 264 Fed. Appx. 314, 320 (4th Cir. 2008). This exhaustion requirement, which a petitioner must establish, is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Appellate Court of Maryland and then to the Maryland Supreme Court by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court of Maryland. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Appellate Court of Maryland denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits

of the claim is denied, the petitioner must file a petition for writ of certiorari to the Maryland Supreme Court. *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Appellate Court of Maryland. Md. Code Ann., Crim. Proc. § 7-109. If the Appellate Court of Maryland denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Maryland Supreme Court. *Williams*, *supra*.

King references his two cases from Prince George's County Circuit Court in his amended petition. Review of the electronic docket[2] of those cases establishes that King has not exhausted State remedies in either case. In case number CT191113X, King was found guilty by a jury of second-degree murder and related handgun offenses on May 4, 2022. *See State of Maryland v. King*, Crim. Case CT191113X (Pr. George's Co. Cir. Ct. 2022) available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last viewed Jan. 29, 2025). He was sentenced to an aggregate of 125 years with all by 95 years suspended on September 7, 2022. *Id*. On October 5, 2022, King filed a notice of appeal which remains pending before the Appellate Court of Maryland. *See King v. Md.*, Case No. ACM-REG-1779-2022 (Md. App.). King also filed a petition for post-conviction petition which he supplemented several times, but the petition was apparently dismissed. *King*, Crim. Case CT191113X. King also filed a petition for writ of actual

---

[2] Under Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

innocence on November 12, 2024 which was also denied. *Id.* While King's direct appeal remains pending, his federal habeas claims remain unexhausted.

In case number 190799X, King was sentenced to 55 years on August 16, 2024. *See State of Maryland v. King*, Crim. Case 190799X (Pr. George's Co. Cir. Ct. 2024) available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last viewed Jan. 29, 2025). There is nothing on this docket indicating that King has ever filed a petition for post-conviction relief. His appeal was dismissed as not allowed by law on September 25, 2024, and his motion for modification of sentence was denied on November 21, 2024. *Id.* He has remedies available in this case given the recent disposition dates.

Under Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to conduct a preliminary review of habeas corpus petitions and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" the petition must be dismissed. When the claims are unexhausted, the petition is dismissed without prejudice.

King is reminded that if he chooses to file another federal habeas petition after he has exhausted his State remedies, he must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. King is reminded that the one-year filing deadline begins to run on the date his convictions are final. The one-year period is "tolled" during the time a properly filed post-conviction petitions are pending in State court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time King has to seek federal habeas corpus review.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  King may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

  1.30.2025_____      /S/_____
Date                                                                Julie R. Rubin
                                                                             United States District Judge